## BROWN v. YAZOO & M. V. R. CO.
### No. 4937.

Court of Appeal of Louisiana.
Second Circuit.
Feb. 5, 1935.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellant.

Irion & Switzer and Chas. B. Emery, all of Shreveport, for appellee.

DREW, Judge.

Plaintiff instituted this suit claiming damages in the amount of $20,887.28 under the Federal Employers' Liability Act (45 USCA p. 92, § 51), and in the alternative, for judgment under the Louisiana Compensation Act (No. 20 of 1914, as amended), for sixty-five per cent. of his wages for 400 weeks, claiming total, permanent disability.

He alleged that defendant is a common carrier and owner and operator of a railroad system engaged in intrastate and interstate commerce; that its said business, trade, and occupation is declared to be hazardous by Act No. 20 of 1914, as amended, and is actually hazardous; that on October 18, 1933, while he was spreading asphalt on the tracks where they cross Traffic street in Bossier City, he was stooping over to perform his work, and that a fellow employee, Joseph Ashton, who was unloading asphalt from a gondola car on the tracks, threw a large piece of it over the end of the car and it struck plaintiff in the back, knocking him to the ground, and causing great pain and suffering, straining and spraining the ligaments in his back; and that he is permanently and totally disabled to perform any work of a reasonable character.

Plaintiff further alleged that at the time of his injury, he was employed six days a week at $2 a day, a total of $12 a week; and that he has been paid $136.50 at odd times by the defendant under the theory that his cause of action is governed by the State Compensation Act.

Defendant answered and admitted that its business is hazardous; admitted the occurrence of the accident and plaintiff's employment at $1.80 per day, or $10.80 per week; and admitted paying compensation to plaintiff at the rate of $7.02 per week for twenty weeks, a total of $140.40, and $15 for medical expenses. It further admitted owing three weeks' additional compensation, totaling $21.06, and tendered this amount, with interest and costs of suit to date of tender. It de-

nied all the other substantial allegations of plaintiff's petition.

On the above issues the case went to trial and the lower court rendered the following opinion in the case:

"Plaintiff brings this suit to collect a total of $20,887.28 under the Federal Workmen's Compensation Act [Federal Employers' Liability Act] (45 USCA [page] 92 [§ 51]), and in the alternative for judgment under the Louisiana Compensation Law (Act 20 of 1914 as amended), for 63% of his wages for 400 weeks, claiming total permanent disability. He alleges that defendant is a common carrier and owner and operator of a railroad system engaged in intra-state and inter-state commerce. That its said trade, business and occupation is declared to be hazardous by Act 20 of 1914, as amended, and is actually hazardous. That about October 18, 1933, while he was spreading asphalt on the tracks where they cross Traffic Street in Bossier City, he was stooped over to perform his work, a fellow employee, Joseph Ashton, who was unloading the asphalt from a gondola car on the tracks, threw a large piece of it over the end of the car and it struck plaintiff in the back, throwing him to the ground, causing great pain and suffering, straining and spraining the ligaments in his back, and that he is permanently and totally disabled to perform any work of a reasonable character. That at the time of his injury he was employed six days a week at $2.00 per day, a total of $12.00 per week. That he has been paid $136.50 at odd times by defendant under the theory that his cause of action is governed by the State Compensation Act.

"Defendant answered admitting that its business is hazardous, the happening of the accident, plaintiff's employment at $1.80 per day or $10.80 per week, payment of compensation at the rate of $7.02 a week for 20 weeks, a total of $140.40 and $15.00 medical expenses. Admitted owing three weeks' additional compensation, a total of $21.06, and tendered this amount with interest and costs of suit to date of tender. Denied all the other substantial allegations of the petition.

"On the trial of the case the following facts were developed:

"About October 18, 1933, plaintiff, with other employees of defendant, were engaged in repairing the public street crossing where the railroad of defendant crosses Traffic street in Bossier City. Plaintiff was on the crossing spreading some material alleged to be asphalt, but shown on the trial to have been amiesite, a composition paving material, similar to asphalt. Another employee, Joseph Ashton, was in a gondola car throwing the material out on the ground. While plaintiff was in a stooped position a piece of the material, about 18 inches each way, was thrown from the car and struck plaintiff in the region of the left sacro-iliac joint of his back. After lying on the ground an hour or so, someone secured a car and he was carried to his home in Shreveport and treated by Dr. Harris. The next day the defendant had him sent to the Tri-State Hospital where he remained until October 21st, when he left the hospital, he says, because the roadmaster told him to leave, and this is not denied, except that Dr. Willis says he told him he could stay if he wanted to. Dr. Willis continued to treat him until about March 31, 1934, when he discharged him as able to return to work on April 6th. That is, Dr. Willis says he should have been able to do light work. In the meantime he grew worse and went to Dr. Potts for examination. Dr. Potts called in Doctors Alverson and Huckaby to look him over, as he found an unusual condition, an apparent abscess having developed on the left side of his back in the locus of the injury. He had temperature for several days. Dr. Potts examined him thoroughly and found no source of focal infection which could have caused the condition he found. He and Doctors Alverson and Huckaby therefore concluded that the injury was the cause of the disability. Doctors Willis and Knighton, testifying for the defendant, say the injury did not cause the disability, but they advance no other cause for it, except that they did say there was some evidence of old arthritis, but did not say that the arthritis was the cause of the disability.

"Plaintiff made out a prima facie case and this is not rebutted by the negative testimony of Doctors Willis and Knighton.

"As to the duration of his disability, there is no satisfactory evidence. The medical testimony on this and other points in the case is in conflict. Defendant's doctors say he ought to recover in three months. It is sufficient to say that none of them claimed he was able to work at the date of the trial. He was stripped and examined in court. He still had a good size knot on the left side of his back and suffered apparent pain on pressure and manipulation and was not able to stoop over. Doctors Willis and Knighton say that this knot is not where he claimed pain at the time of the injury, and that he claimed his injury was in the small of his back. In testifying, he referred to his trouble as

being in the small of his back, so that if he did claim at the time of the injury that it was the small of his back, he still claims the same, evidently calling the part of his back where the knot is the 'small of his back.'

"I think it was fairly shown that his wage was $1.80 a day for six days a week, making a total of $10.80 a week. What compensation was paid him' was on that basis, being 20 weeks at $7.02, a total of $140.40 which he accepted.

"As to his right of action, it is my opinion that it is under the State compensation act. At the time of the injury he was improving the crossing over the railroad so the public using vehicles could cross with comfort and safety, and was not doing anything for the betterment of the track itself, and therefore not engaged in work connected with inter-state commerce. See International-Great Northern R. Co. v. Sifuentes (Tex. Civ. App.) 6 S.W.(2d) 192.

"Believing that this case settles the matter I see no good reason for discussing the many cases cited by plaintiff and defendant on this question. In my opinion the present disability of the plaintiff is the result of the injury he sustained while in the employ of defendant. It therefore follows that he ought to have judgment for compensation at the rate of $7.02 per week, beginning with the week ending October 25, 1933, during the period of his disability, not however, to exceed 400 weeks, with five per cent. interest on unpaid installments after due less a credit of 20 weeks paid, or a total of $140.40, and for necessary medical and hospital treatment not to exceed $250.00, less the amount that has been paid, and for all costs of this suit, including $25.00 each for Doctors Alverson, Huckaby and Potts, who testified as experts, and it is so ordered. Defendant will have the right, under the law, to rule plaintiff every six months, to ascertain whether his disability is still continuing."

And judgment was signed in accordance therewith. Defendant has perfected an appeal to this court. Plaintiff, appellee, is satisfied with the judgment below and asks here that it not be disturbed.

The only serious complaint made by appellant here is that the evidence does not show that appellee's condition on the date of trial was the result of the injuries received some six months prior thereto. The evidence is most convincing that the condition of the appellee on the date of trial below was the direct result of the injury received some six months prior thereto and while he was in the employ of the appellant, and that he was on the date of the trial below totally disabled to perform work of any reasonable character.

Appellant does not question the amount of the weekly award, nor does it question the amount allowed for medical expenses and doctors' bills. We therefore find no manifest error in the decision of the lower court, and it is affirmed, with costs.